EDWARD J. WYNNE, SBN 165819
ewynne@wynnelawfirm.com
GEORGE R. NEMIROFF, SBN 262058
gnemiroff@wynnelawfirm.com
WYNNE LAW FIRM
Wood Island
80 E. Sir Francis Drake Blvd., Ste. 3G
Larkspur, CA 94939
Telephone: (415) 461-6400
Facsimile:  (415) 461-3900

*Attorneys for Plaintiffs and the putative class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LAURA LOPEZ, SAM WILLIS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 18-cv-02346-VC<br><br>**SECOND AMENDED COMPLAINT FOR:**<br>**(1) Overtime Compensation (Labor Code §§ 510, 1194)**<br>**(2) Overtime Compensation (Bus. & Prof. Code § 17200);**<br>**(3) Meal and Rest Period Violations (Labor Code §§ 226.7, 512)**<br>**(4) Meal and Rest Period Violations (Bus. & Prof. Code § 17200)**<br>**(5) Unreimbursed Business Expenses (Labor Code § 221, 223, 400-410, and 2802)**<br>**(6) Unlawful Wage Statements (Labor Code §§ 226, 1174, 1174.5)**<br>**(7) Penalties (Labor Code § 2699)**<br><br>**[CLASS ACTION]**<br><br>**[JURY TRIAL DEMANDED]**<br><br>Complaint filed March 14, 2017 |

Plaintiffs Laura Lopez and Sam Willis, on behalf of themselves and all others similarly situated, complains and alleges as follows:

## A. INTRODUCTION

1. This is a California class action, under Federal Rule of Civil Procedure 23, seeking damages, restitution, declaratory relief, equitable relief, penalties and reasonable attorneys' fees and costs, on behalf of Plaintiffs and all other individuals who are or have been employed as Small Business Bankers by Defendant Bank of America, National Association (hereafter "Bank of America," "Bank," or "Defendant"), in California from March 14, 2013 to the time this case is certified as a class action. Laura Lopez and Sam Willis bring this complaint on behalf of similarly situated Small Business Bankers who were (a) not paid overtime compensation; (b) not provided meal and rest breaks; and (c) not reimbursed for ordinary business expenses.

2. The "Class Period" is designated as the period from March 14, 2013 through the time the Court certifies this case as a class action. The violations of California's wage and hour laws, as described more fully below, have been ongoing for at least four years prior to the original filing of this action, are continuing at present, and will continue unless and until enjoined by the Court.

## B. JURISDICTION AND VENUE

3. Defendant removed this case pursuant to 28 U.S.C. §§ 131, 1332(d), 1441 and 1446.

4. Venue as to Defendant is proper in this judicial district as Bank of America is a foreign corporation that has not designated a principal business office in California according to its latest Statement of Information (Foreign Corporation) on file with the California Secretary of State. Defendant maintains branches, facilities and offices from which Defendant transacts business in a variety of locations in this Judicial District, and Defendant is otherwise within this Court's jurisdiction for purposes of service of process. The unlawful acts alleged herein have a direct effect on Plaintiffs and those similarly situated within the State of California and within this judicial district. Defendant has employed Class Members in this judicial district who have also worked unreimbursed overtime and incurred unreimbursed business expenses while conducting Defendant's business in this judicial district during the Class Period.

### C. PARTIES

5. Plaintiff Laura Lopez resides in Orange County, California. Plaintiff was employed by Defendant during the statutory period covered by this action. During the Class Period, she worked as a Small Business Banker for Defendant in Orange County. During this time, Plaintiff was subject to Defendant's unlawful policies and/or practices set forth herein.

6. Plaintiff Sam Willis resides in Orange County, California. Plaintiff is currently employed by Defendant. Willis works as a Small Business Banker for Defendant in Orange County. Plaintiff has been subject to Defendant's unlawful policies and/or practices set forth herein.

7. Defendant Bank of America, National Association is a Delaware Corporation with its principal place of business in Charlotte, North Carolina.

8. Plaintiffs do not know the true names or capacities, whether individual, partner or corporate, of other possible responsible parties and Plaintiffs pray leave to amend this complaint when the true names and capacities are known. Each of the other potentially responsible parties were responsible in some way for the matters alleged herein and proximately caused Plaintiffs and members of the class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

9. All of Plaintiffs' claims stated herein are asserted against Defendant and any of its owners, predecessors, successors, subsidiaries, and/or assigns.

### D. FACTUAL BACKGROUND

10. Plaintiffs and all members of the class identified herein were regularly scheduled as a matter of uniform company policy and practice to work and in fact worked as salaried bank employees in excess of eight hours per workday and/or in excess of forty hours per workweek without receiving straight time or overtime compensation for such overtime hours worked in violation of California Labor Code §§ 510, 1194 and California Industrial Welfare Commission Wage Order 4-2001.

11. Plaintiffs and all members of the class were expected to be and were primarily engaged in sales and sales-related activities such as prospecting for new business and closing sales. Plaintiffs and the class prospected for new business by cold calling from lead lists, sending out flyers, emails and other correspondence to potential customers. Plaintiffs and the class sought referrals from other Bank

employees and referral sources from outside of the Bank. Plaintiffs and the class solicited business from existing Bank customers in an attempt to up-sell and cross-sell bank customers with additional banking products and services. Plaintiffs and the class had customer meetings for the purposes of soliciting new business and concluding existing deals. Plaintiffs and the class were instructed and trained on various sales techniques. Plaintiffs and the class were ranked, rewarded and disciplined based on the sales production. The sales efforts of Plaintiffs and the class were tracked and monitored by their supervisors.

12.  Plaintiffs and the class spent most of their time physically inside Bank branches and offices consistent with the Bank's realistic expectations. Plaintiffs and other class members were domiciled in a specific branch and expected to cover other banking centers in order to engage in sales efforts at the other branches. Plaintiffs and the class were expected to attend daily huddles with Bank staff. Plaintiffs and the class responded to emails, telephone messages and correspondence from the branch. Plaintiffs and the class were expected to meet with their Sales Manager at the Sales Manager's office and participate in other company meetings at Bank locations. Plaintiffs and the class attended training sessions at Bank locations. Plaintiffs and the class met with customers at the Bank. Plaintiffs and the class used their computers, telephones, branch copiers and other business machines at the branch. Plaintiffs and the class received correspondence and documents from customers and packaged loans at the branch. Plaintiffs and the class reviewed customer files at the branch. Plaintiffs and the class communicated with underwriting and other Bank personnel at the branch. Plaintiffs and the class filled out paperwork and tracked their sales activities at the branch.

13.  Plaintiffs and the class did not supervise anyone and no one reported to them. They did not have any hiring or firing responsibilities or formally review any employee's performance.

14.  Plaintiffs and the class did not advise the management of Bank or the customers of the Bank on how they should run their businesses, plan their objectives, negotiate the salary or benefits of other employees, or represent the Bank or its customers in purchasing anything.

15.  Plaintiffs and the class did not serve as financial advisors for the Bank. They were not required to hold any security licenses in order to perform the job of a Small Business Banker. They were not authorized to sell customers products without their express knowledge and consent. They did

not sell any type of securities like stocks, bonds, or mutual funds or provide any advice on such products. They did not sell or provide any tax or estate planning advice or services. Plaintiffs and the class did not underwrite or approve loans.

16. Plaintiffs and the class did not earn more in incentive pay than in salary. The incentive pay they earned was not based on the amount or value of the products and services sold. Plaintiffs and the class did not always or almost always make more in incentive pay than in base salary.

17. Defendant has failed to meet the requirements for establishing an exemption from these requirements because all class members (a) regularly spent more than 50% of their time performing nonexempt work, (b) did not customarily and regularly exercise discretion and independent judgment on matters of significance, (c) did not have the authority to hire or fire or make meaningful recommendations regarding same, (d) did not customarily and regularly supervise at least two employees or the equivalent, (e) did not perform work directly related to the management policies or the general business operations of Defendant or Defendant's customers, (f) did perform nonexempt production and/or sales work a majority of their time (i.e., in excess of 50%) consistent with Defendant's realistic expectations, (g) did not customarily and regularly spend more than 50% of their time away from the Defendant's places of business selling or obtaining orders or contracts, and (h) did not earn more than 50% of their compensation in a bona fide commission plan. Thus, Plaintiffs and the class members were not exempt from the overtime requirements of California law for these reasons.

18. Defendant failed to provide and document uninterrupted off-duty meal breaks of at least 30 minutes for the class in the number, length and manner as required. Defendant has failed to authorize and permit rest breaks for the class in the number, length and manner as required. Defendant required Plaintiffs and the class to be available for work at all times and Plaintiffs and the class were expected to answer telephone calls at all times. Defendant customarily and regularly scheduled mandatory meetings during lunchtime. At no time have the Plaintiffs or the class entered into any written agreement with Defendant expressly or impliedly waiving their right to their meal or rest breaks. Plaintiffs and the class were injured by Defendant's failure to provide meal and rest breaks.

19. Defendant has maintained company-wide policies and/or practices that require class

members to pay the ordinary business expenses of Defendant without reimbursement. Small Business Bankers were instructed to and expected to use their personal vehicles for work-related travel. As such, Plaintiffs and the class incurred the costs of mileage, parking, and tolls. However, Defendant had a policy of refusing to reimburse Plaintiffs and the class for their reasonable and necessary business expenses and/or failed to take all reasonable steps to ensure that Plaintiffs and the class were reimbursed for their business-related expenses. Defendant's policy and practice of having class members pay for Defendant's ordinary business expenses caused class members to forfeit their wages to Defendant.

### E. CLASS ACTION ALLEGATIONS

20. Plaintiffs bring this action, on behalf of themselves and all others similarly situated, as a class action pursuant to Federal Rule of Civil Procedure 23. The class that Plaintiffs seek to represent is composed of and defined as follows:

> All persons who are or have been employed, at any time from March 14, 2013 through the date of the Court's granting of class certification in this matter, by Bank of America, National Association in California under the job title Small Business Banker or the functional equivalent however titled.

21. This action has been brought and may properly be maintained as a class action under Federal Rule of Civil Procedure 23 because there is a well-defined community of interest in the litigation, the proposed class is easily ascertainable, and Plaintiffs are proper representatives of the class:

   a. Numerosity: Plaintiffs are informed and believe and based thereon allege that there are approximately 400 individuals potentially covered by this action. The potential members of the class as defined are numerous and therefore joinder of all the members of the Class is impracticable.

   b. Commonality: There are questions of law and fact common to Plaintiffs and the class that predominate over any questions affecting only individual members of the class. These predominant common questions of law and fact include, but are not limited to, the following:

   (i) Whether Defendant's policy of classifying all Small Business Bankers as exempt is legal under California law;

     (ii) Whether Defendant's expectation that Small Business Bankers would be primarily engaged in exempt work was realistic;

     (iii) Whether Defendant's policy of not providing meal and rest periods is legal under California law; and,

     (iv) Whether Defendant took all reasonable steps to reimburse Small Business Bankers for business-related expenses or, alternatively, whether Defendant had a *de facto* policy or practice of not reimbursing for such expenses.

  c. Typicality: Plaintiffs' claims are typical of the claims of the class. Plaintiffs and other Small Business Bankers sustained injuries and damages, and were deprived of property rightly belonging to them, arising out of and caused by Defendant's common course of conduct in violation of law as alleged herein, in similar ways and for the same types of expenses.

  d. Adequacy of Representation: Plaintiffs are members of the class and will fairly and adequately represent and protect the interests of the class. Plaintiffs' interests do not conflict with those of other class members. Counsel who represent Plaintiffs are competent and experienced in litigating large wage and hour class actions and will devote sufficient time and resources to the case and otherwise adequately represent the class.

  e. Superiority of Class Action: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Small Business Bankers is not practicable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the class. Each class member has been damaged or may be damaged in the future by reason of Defendant's unlawful policies and/or practices as alleged herein. Certification of this case as a class action will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Certifying this case as a class action is superior because Plaintiffs seek relief that will affect all Small Business Bankers in a common way, and will also allow for efficient and full disgorgement of the ill-gotten gains Defendant has enjoyed by maintaining its unlawful business policies and practices, and will thereby

effectuate California's strong public policy of protecting employees from deprivation or offsetting of compensation earned in their employment. If this action is not certified as a class action, it will be impossible as a practical matter for many or most Small Business Bankers to bring individual actions to recover monies unlawfully withheld from their lawful compensation due from Defendant due to the relatively small amounts of such individual recoveries relative to the costs, burdens, and risks of litigation.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY OVERTIME COMPENSATION

### (Labor Code §§ 510, 1194)

22. Plaintiffs incorporate the allegations contained in the previous paragraphs of this complaint as if fully set forth herein.

23. California Wage Order 4-2001, 8 C.C.R. § 11040, and Labor Code § 510 state that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 per week and/or 8 per day.

24. Class members regularly work more than 40 hours per week and/or 8 hours per day but are not paid overtime.

25. Class members do not meet any of the tests for exempt status under the California Wage Orders and/or the California Labor Code.

26. Defendant has violated California labor law by not paying the required overtime pay to Plaintiff and the members of the Class.

27. Pursuant to Labor Code § 218.6, Plaintiffs request prejudgment interest on all wages from the date the wages were due and payable.

28. Pursuant to California Labor Code §§ 218.5 and 1194, Plaintiffs request an order requiring Defendant to pay damages of all overtime wages due to them and the members of the class in an amount to be proved at hearing as well as attorneys' fees and costs.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY OVERTIME COMPENSATION

## (Bus. & Prof. Code § 17203)

29.     Plaintiffs incorporate the allegations contained in the previous paragraphs of this complaint as if fully set forth herein.

30.     California Wage Order 4-2001, 8 C.C.R. § 11040, and Labor Code § 510 state that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 per week and/or 8 per day.

31.     Class members regularly work more than 40 hours per week and/or 8 hours per day but are not paid overtime.

32.     Class members do not meet any of the tests for exempt status under the California Wage Orders and/or the California Labor Code. Plaintiffs and the class did not and do not perform work directly related to the management or general business operations of either Defendant or Defendant's customers, they are/were primarily engaged in inside sales and sales related activities, and they did not and do not spend a majority of their time on exempt tasks.

33.     Defendant has violated California labor law by not paying the required overtime pay to Plaintiffs and the members of the Class.

34.     Defendant has committed an act of unfair competition by not paying the required overtime pay to Plaintiffs and the class.

35.     Pursuant to California Business & Professions Code § 17203, Plaintiffs request an order requiring Defendant to make restitution of all overtime wages due to them and the members of the class in an amount to be proved at hearing, an injunction and declaratory relief to enjoin Defendant from such conduct in the future, and reasonable attorneys' fees and costs per C.C.P. § 1021.5.

## THIRD CAUSE OF ACTION

## MEAL AND REST BREAK VIOLATIONS

## (Labor Code § 512 and IWC Order 4-2001)

36.     Plaintiffs incorporate the allegations contained in the previous paragraphs of this

Complaint as if fully set forth herein.

37. In violation of Labor Code § 512 and IWC Wage Order 4-2001, Defendant failed to provide and document meal and rest period breaks for the class in the number, length and manner as required. At no time have the Plaintiffs or the class entered into any written agreement with Defendant expressly or impliedly waiving their right to their meal and rest breaks. Plaintiffs and the class have been injured by Defendant's failure to comply with Labor Code § 512 and IWC Wage Order 4-2001 and are thus entitled to the wages set forth in Labor Code § 226.7.

## FOURTH CAUSE OF ACTION

## MEAL AND REST BREAK VIOLATIONS

### (Bus. & Prof. Code § 17203)

38. Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

39. In violation of Labor Code § 512 and IWC Wage Order 4-2001, Defendant failed to provide and document meal and rest period breaks for the class in the number, length and manner as required. At no time has the Plaintiff or the class entered into any written agreement with Defendant expressly or impliedly waiving their right to their meal and rest breaks. Plaintiffs and the class have been injured by Defendant's failure to comply with Labor Code § 512 and IWC Wage Order 4-2001.

40. Defendant has committed an act of unfair competition by not providing meal and rest breaks in the number, length and manner as required by law.

41. Pursuant to California Business & Professions Code § 17203, Plaintiffs request an order requiring Defendant to make restitution of all wages due to them and the members of the class in an amount to be proved at hearing, an injunction and declaratory relief to enjoin Defendant from such conduct in the future, and reasonable attorneys' fees and costs per C.C.P. § 1021.5.

## FIFTH CAUSE OF ACTION

## FAILURE TO REIMBURSE BUSINESS EXPENSES

### (Labor Code § 2802)

42. Plaintiffs incorporate the allegations contained in the previous paragraphs of this

Complaint as if fully set forth herein.

43. Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

44. While discharging their duties for Defendant, Plaintiffs and the class have incurred work-related expenses. Such expenses include but are not limited to travel, parking, mileage, and tolls charges.

45. Defendant has failed to indemnify or in any manner reimburse Plaintiffs and the class for these expenditures and losses. By requiring those employees to pay expenses and cover losses that they incurred in direct consequence of the discharge of their duties for Defendant and/or in obedience of Defendant's direction or expectations, Defendant has violated and continues to violate Labor Code § 2802.

46. By unlawfully failing to indemnify Plaintiffs and the class, Defendant is liable for reasonable attorneys' fees and costs under Labor Code § 2802(c).

47. As a direct and proximate result of Defendant's conduct, Plaintiffs and the class have suffered substantial losses according to proof, as well as pre-judgment interest, costs, and attorneys' fees for the prosecution of this action.

## SIXTH CAUSE OF ACTION

## FAILURE TO REIMBURSE BUSINESS EXPENSES

**(Bus. & Prof. Code § 17203)**

48. Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

49. Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

50. While discharging their duties for Defendant, Plaintiffs and the class have incurred work-related expenses. Such expenses include but are not limited to travel, parking, mileage, and tolls

charges. Defendant knew or should have known that Plaintiffs and the class incurred work-related expenses yet did not take reasonable steps to ensure that Plaintiffs and the class were reimbursed.

51. Defendant has failed to indemnify or in any manner reimburse Plaintiffs and the class for these expenditures and losses. By requiring those employees to pay expenses and cover losses that they incurred in direct consequence of the discharge of their duties for Defendant and/or in obedience of Defendant's direction or expectations, Defendant has violated and continues to violate Labor Code § 2802.

52. Defendant has committed an act of unfair competition by not reimbursing Plaintiff and the class for all reasonable and necessary business expenses Plaintiff and the class incurred for the benefit of Defendant.

53. Pursuant to California Business & Professions Code § 17203, Plaintiffs request an order requiring Defendant to make restitution of all work-related expenses due to them and the members of the class in an amount to be proven at hearing, an injunction and declaratory relief to enjoin Defendant from such conduct in the future, and reasonable attorneys' fees and costs per C.C.P. § 1021.5.

## SEVENTH CAUSE OF ACTION

## UNLAWFUL WAGE STATEMENTS

**(Labor Code §§ 226, 1174, and 1174.5)**

54. Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

55. Defendant, as a matter of corporate policy did not maintain or provide accurate itemized wage statements in violation of Labor Code §§ 226 and 1174.

56. Defendant did not state or did not accurately state, *inter alia*, the wages earned in the pay period or the actual hourly rate of Plaintiffs and other Small Business Bankers. Defendant's failure to maintain accurate itemized wage statements was willful, knowing, intentional, and the result of Defendant's custom, habit, pattern and practice. Defendant's failure to maintain accurate itemized wage statements was not the result of isolated, sporadic or unintentional behavior. Due to Defendant's failure to comply with the requirements of Labor Code §§ 226 and 1174, Plaintiffs and other Small Business

Bankers were injured thereby.

57.  Such a pattern and practice as alleged herein is unlawful and creates an entitlement to recovery by Plaintiffs and Small Business Bankers identified herein for all damages and penalties pursuant to Labor Code §§ 226 and 1174.5, including interest thereon, penalties, attorneys' fees and costs.

## EIGHTH CAUSE OF ACTION

## THE LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004

### (Labor Code §§ 2699 *et seq.*)

58.  Plaintiffs incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

59.  As alleged above, Defendant failed to comply with the California Labor Code. As such, Plaintiff Willis is an "aggrieved employee" as defined in Labor Code § 2699(a). Pursuant to Labor Code § 2699, the Labor Code Private Attorneys General Act of 2004, Plaintiff Willis brings this action on behalf of himself and other current and former Small Business Bankers against Bank of America, National Association, and seeks recovery of applicable civil penalties as follows:

    a. where civil penalties are specifically provided in the Labor code for each of the violations alleged herein, Plaintiff seeks recovery of such penalties;

    b. where civil penalties are not established in the Labor Code for each of the violations alleged herein, Plaintiff seeks recovery of the penalties established in § 2699(e) of the Labor Code Private Attorneys General Act of 2004, and in accordance with § 200.5 of the Labor Code.

60.  On June 28, 2018, Plaintiff caused to be served written notice, via certified mail, to the Labor and Workforce Development Agency and to Defendant Bank of America, National Association of Plaintiff's intent to amend the complaint to add a cause of action pursuant to Labor Code §§ 2699 *et seq.*

61.  The Labor and Workforce Development Agency declined to issue notice of its intention to pursue civil penalties. Labor Code § 2699(a)(2)(C) authorizes Plaintiff, as a matter of right, to amend

the existing complaint to add a claim arising under PAGA within 60 days of the specified time periods. Accordingly, Plaintiff commences this PAGA claim for civil remedies as provided for under Labor Code § 2699.

62. Plaintiff requests relief as described below.

## JURY DEMAND

Plaintiffs hereby request a trial by jury on all legal issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request the following relief:

1. For an Order certifying the proposed class and designating this action as a class action pursuant to Fed. R. Civ. P. 23;
2. For damages according to proof;
3. For declaratory and injunctive relief;
4. For an Order appointing Plaintiffs and their counsel to represent the proposed class as defined in this Complaint;
5. For restitution according to proof;
6. For an order requiring Defendant to provide an accounting of all wages and all sums unlawfully withheld from compensation due to Plaintiffs and the other members of the proposed class;
7. For interest according to proof;
8. For reasonable attorneys' fees and costs; and
9. For such other relief the Court deems just and proper.

DATED: September 17, 2018                    WYNNE LAW FIRM

                  /s/Edward J. Wynne
                 By: Edward J. Wynne
                 Attorneys for Plaintiffs Laura Lopez and Sam Willis, individually and on behalf of all others similarly situated