UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA LOPEZ, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>BANK OF AMERICA, N.A.,<br><br>   Defendant. | Case No. 18-cv-02346-VC<br><br>**ORDER DENYING MOTION FOR CLASS CERTIFICATION, MOTION TO FILE UNDER SEAL, MOTION FOR SANCTIONS, AND REQUEST FOR A TRO**<br><br>Re: Dkt. Nos. 57, 58, 61, 67 |

  1. The motion for class certification under Rule 23(b)(3) is denied on predominance grounds. The evidence, including some of the plaintiffs' own evidence, shows that some of Bank of America's small business bankers spend over half of their workdays inside the office, while some do not. California has chosen to use this metric as the primary determinant of whether a salesperson is exempt from the state's overtime laws. *See Duran v. U.S. Bank N.A.*, 59 Cal. 4th 1, 12 (2014); Cal. Labor Code § 1171. Therefore, some small business bankers are properly classified as exempt, and some are not. And the only way to determine who falls into which camp is to conduct an employee-by-employee assessment – an individual undertaking that precludes class certification. *See In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 571 F.3d 953, 959 (9th Cir. 2009).

  It's worth noting, however, that Bank of America's argument against class certification is effectively a concession that it's violating California law as to some of its small business

bankers. Nor does Bank of America appear to have any system in place for ensuring that individual small business bankers are classified properly. The evidence suggests that the subset of bankers who are misclassified could be substantial. As a result, while it is not appropriate to certify a damages class on the facts of this case, it may well be appropriate to certify a class seeking injunctive relief. *Cf. Parsons v. Ryan*, 754 F.3d 657, 688 (9th Cir. 2014). The motion for class certification is therefore denied without prejudice to the plaintiffs' bringing a renewed motion for class certification under Rule 23(b)(2).

2. The administrative motion to file under seal is denied. Bank of America did not submit a declaration setting forth a justification for sealing the designated materials, as required by the Local Rules. *See* Civil L.R. 79-5(e). Even if it had, it is highly unlikely that any portion of these documents needs to be sealed – and they certainly don't need to be sealed in full.

3. The plaintiffs' motion for sanctions is denied. While Bank of America's discovery responses suggest a degree of incompetence, it does not appear that it acted in bad faith. *See Gomez v. Vernon*, 255 F.3d 1118, 1133-34 (9th Cir. 2001) (conditioning the court's inherent authority to sanction on a finding of bad faith or "willful disobedience of a court order").

4. Bank of America's motion for a temporary restraining order is denied. Granting Mr. Wynne's assertion that he does not intend to contact these putative class members (let alone their mothers) in the future, the Bank's request for an injunction preventing such contact is moot. And although Mr. Wynne's aggressive outreach almost certainly crossed the line, it is unnecessary – at least at this juncture – to address his adequacy as class counsel or otherwise impose sanctions.

**IT IS SO ORDERED.**

Dated: July 5, 2019

VINCE CHHABRIA
United States District Judge